JASON M. STONE (SBN 299373)
    jstone@stonesalluslaw.com
SCOTT J. KALTER (SBN 317211)
    skalter@stonesalluslaw.com
**STONE & SALLUS LLP**
2235 Campus Drive
El Segundo, California 90245
Telephone: (310) 889-0233
Facsimile: (310) 889-0230

Attorneys for Plaintiffs
Sandra Ogilvie and William Ogilvie

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA OGILVIE AND WILLIAM OGILVIE<br><br>Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA, N.A., EMILIIANO ENRIQUEZ, LOURDES ENRIQUEZ, AND ALL PERSONS UNKNOWN CLAIMING AN INTEREST IN THE REAL PROPERTY KNOWN AS 1710 RIOS COURT, SANTA MARIA, COUNTY OF SANTA BARBARA and DOES 1-50, inclusive,<br><br>Defendants. | Case No. 2:23-cv-06156<br><br>**Verified Complaint for Damages and Injunctive Relief:**<br><br>1. **Cancellation of Written Document**<br>2. **Violation of Foreclosure Reductions Act of 2012**<br>3. **Quiet Title Under California Code of Civil Procedure § 760.020**<br>4. **Negligence**<br>5. **Violation of California's Unfair Competition Law Under California Business & Professions Code § 17200**<br>6. **Declaratory Relief**<br><br>**<u>Demand for Jury Trial</u>** |

Plaintiffs Sandra Ogilvie and William Ogilvie ("Plaintiffs") hereby bring this Complaint for damages and injunctive relief against Defendants Bank of America, N.A., Emiliano Enriquez, Lourdes Enriquez, and All Persons Unknown Claiming an Interest in the Real Property Commonly Known as 1710 Rios Court, Santa Maria, County of Santa Barbara:

## PARTIES

1. Plaintiff SANDRA OGILVIE is an individual residing in Loganville, Georgia.

2. Plaintiff WILLIAM OGILVIE is an individual residing in Loganville, Georgia.

3. Defendant BANK OF AMERICA, N.A. is a National Association registered to do business in the State of California.

4. Defendant EMILIANO ENRIQUEZ is an individual residing in Santa Maria, California.

5. Defendant LOURDES ENRIQUEZ is an individual residing in Santa Maria, California.

6. Defendant ALL PERSONS UNKNOWN CLAIMING AN INTEREST IN THE REAL PROPERTY COMMONLY KNOWN AS 1710 RIOS COURT, SANTA MARIA, COUNTY OF SANTA BARBARA are unknown.

7. Plaintiff is unaware of the true names and capacities of Defendants sued herein under the fictitious names DOES 1-50, inclusive. Plaintiff will amend this cross-complaint to show the true names and capacities of DOES 1-50, inclusive, when their identities have been ascertained.

8. Plaintiffs are informed and believes and thereon alleges that each Defendant named herein, including the Defendants named DOES 1-50, inclusive, is legally responsible in some manner for the acts, omissions or events alleged in this complaint. Plaintiff is informed and believes that each of the Defendants herein, including the Defendants named DOES 1-50, inclusive, was the agent, servant, partner, employee, joint venturer, and/or co-conspirator of each other Defendants herein, and in acting or failing to

act, as herein alleged, each of the Defendants was operating within the full course and scope of such agency, employment, and conspiracy, and was further acting with the knowledge, consent, and ratification of each and every one of the Defendants herein, including the Defendants named DOES 1-50, inclusive.

## JURISDICTION AND VENUE

9. This is an action arising under diversity of citizenship pursuant to 28 U.S.C. § 1332(a). The Parties are not citizens of the same state. The amount in controversy exceeds $75,000.00, excluding interest and costs of court because Plaintiffs' damages exceed $620,000.00.

10. Venue is proper under 28 U.S.C. §§1391(b) and (c) because, a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this Court's jurisdiction and the real property, 1710 Rios Court, Santa Maria, County of Santa Barbara ("Property"), at issue in this matter is within this Court's jurisdiction.

## GENERAL STATEMENT OF FACTS

11. The real property (hereinafter the "Property") that is the subject of this action is situated in the City of Santa Maria, County of Santa Barbara, State of California, with the physical address 1710 Rios Court, Santa Maria, California 93454. A true and accurate legal description of the Property is attached hereto as Exhibit "A".

**A. PLAINTIFFS' INTEREST IN THE PROPERTY DERIVES FROM VALID TITLE VESTED IN PAMELA BROWN**

12. On or about August 2005, Antonio and Annabel Rivera (collectively "Riveras") acquired and financed the acquisition of the Property.

13. On or about October 25, 2011, Pamela Brown and Riveras entered into a written agreement titled Residential Purchase Agreement ("Purchase Agreement"), to allow Plaintiff Pamela Brown to purchase the Property from Riveras.

14. Upon information and belief, and at all relevant times, Riveras were the rightful owners of the Property for the purposes of the Purchase Agreement. A true and accurate copy of the Purchase Agreement is attached hereto as Exhibit "B".

15. After the Purchase Agreement was bilaterally executed, Riveras failed to perform pursuant to the Purchase Agreement. Plaintiff was forced to pursue legal action for specific performance against Riveras in the Superior Court for the County of Santa Barbara, case number 1394579 ("Riveras Lawsuit").

16. On information and belief, and at all relevant times, Plaintiff recorded a Notice of Lis Pendens with the Recorder pursuant to the Riveras Lawsuit.

17. As a result of the Riveras Lawsuit, Riveras were ordered to transfer the property by a quitclaim deed to Plaintiff, thus making Plaintiff a successor-in-interest to Riveras' title and equity in the Property.

18. On or about January 20, 2015, per the court's order, the quitclaim deed from Riveras to Plaintiff Pamela Brown was signed and recorded with the County Recorder for any and all interest in the Property. This Deed, and all deeds which derive their rights therefrom, is the only valid title to the Property. A true and correct copy of Pamela Brown's deed is attached hereto as Exhibit "C."

19. On around August 9, 2016, Pamela Brown executed a Grant Deed conveying her interest in the Property to Plaintiffs William Ogilvie and Sandra Ogilvie. A true and correct copy of this Grant Deed is attached hereto as Exhibit "D."

**B.    DEFENDANTS' CLAIMED INTEREST IN THE PROPERTY DERIVES FROM AN INVALID SECURITY INTEREST ORIGINALLY CLAIMED BY PAUL FINANCIAL, LLC**

20. On or about August 25, 2005, Paul Financial LLC recorded a document described as a deed of trust ("DOT") with the Santa Barbara County Recorder's Office ("Recorder"). A true, accurate, and complete copy of this deed of trust is attached hereto as Exhibit "E".

21. Based upon information and belief, Paul Financial LLC fully drafted, prepared, and recorded the DOT.

PLAINTIFF'S COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

22. In the DOT, Paul Financial LLC laid an alleged security interest upon the Property, and named Mortgage Electronic Registration Systems, Inc. ("MERS") as its nominee.

23. From the date of its recording to the present, the DOT did not provide the required specific legal description regarding the property it was meant to encumber.

24. On or about January 24, 2014, Defendant Bank of America transferred their invalid security interest which is based on Paul Financial LLC's invalid 2005 Deed of Trust to Ocwen Loan Servicing, LLC.

25. Thereafter, Ocwen Loan Servicing, LLC made numerous transfers and assigns of this invalid security interest to various entities not registered to do business in California, and those assignees conducted an illegal foreclosure sale on or about September 5, 2014. This foreclosure sale was illegal because there was no proper notice sufficient to meet the standards of California Civil Code § 2924, *et seq*. The notice was one sole posting in the Santa Maria Times, on August 13, 2014, which was then removed on August 19, 2014. This posting was inexplicably in Chinese. No other notice was given.

26. On or about September 5, 2014, the "trustee sale" allegedly took place and on or about September 24, 2014 the Trustee's Deed Upon Sale was recorded with the Recorder allegedly indicating that Defendant Christiana Trust was the new owner of the Property.

27. From January 2015 through November 2020, Plaintiffs resided at the Property and the Property was their home. On or about November 2020, Plaintiffs were wrongfully and illegally removed from the Subject Property due to the fraudulently conducted foreclosure sale that occurred on or about September 24, 2014.

28. On or about April 27, 2023, Plaintiff Pamela Brown obtained a Judgment that orders Paul Financial, LLC to deliver and/or cancel the DOT from 2005 as well was any and all subsequent documents which derive their rights therefrom. A true, accurate, and complete copy of this Judgment is attached hereto as Exhibit "F".

29. Accordingly, the only valid deed recorded on title is derived from the Grant Deed conveying the Property to Pamela Brown, pursuant to the January 20, 2015 deed that

was the result of the resolution of the sale between the former owner, the Riveras, and Pamela Brown.

30. Despite this knowledge, Ocwen Loan Servicing, LLC and its successors in interest acted as if they had good title when they did not, resulting in an illegal foreclosure and seizure of the Property.

31. In or around 2021, Defendants Emiliano Enriquez and Lourdes Enriquez engaged in negotiations to purchase the Subject Property from RESI REO Sub LLC which held the invalid security interest in the Property. Defendant Emiliano Enriquez is a real estate broker and was aware of the issues on title and ongoing litigation concerning title to the Property.

32. On or about August 17, 2021, Defendants Emiliano Enriquez and Lourdes Enriquez purchased the Property from RESI REO Sub LLC, with full knowledge that he was not receiving clear title. Accordingly, Defendants Emiliano Enriquez and Lourdes Enriquez are not a bona-fide purchasers.

33. As a result of the Defendants' improper and negligent actions, Plaintiffs have suffered and continue to suffer significant damages, both economic and non-economic. Plaintiffs are entitled to relief and an order quieting title in the name of Plaintiffs to finally end this near decades-long flagrant disregard for Plaintiffs' true property rights and title to the Property.

## I.

## FIRST CAUSE OF ACTION

**(Cancellation of Written Document)**

**(Against Defendant Emiliano Enriquez and Lourdes Enriquez)**

34. Plaintiffs hereby incorporate by this reference paragraphs 1 through 32 as though the same were set forth herein in full.

35. On or about August 2005, Antonio and Annabel Rivera (collectively "Riveras") acquired and financed the acquisition of the Property.

36. On or about August 25, 2005, Paul Financial LLC recorded the Deed of Trust with the Recorder.

37. Based upon information and belief, Paul Financial LLC fully drafted, prepared, and recorded the Deed of Trust.

38. In the Deed of Trust, Paul Financial LLC failed to provide a sufficient description for the property it intended to encumber by the Deed of Trust, thus rendering the said Deed of Trust void ab initio.

39. Every single subsequent Assignment of Deed of Trust, Notice of Foreclosure, and Trustee Deed of Foreclosure, among others, which derived their "rights" from the Deed of Trust are thus also void. Further, the April 27, 2023, Judgment orders Paul Financial, LLC to deliver and/or cancel their 2005 Deed of Trust and all subsequent deeds deriving their rights from that deed.

40. Plaintiffs have more than reasonable apprehension that they will be further injured if the Deeds of Trusts deriving their interest from the 2005 Deed of Trust from Paul Financial, LLC are left outstanding, since they have already been injured by being forced out of the Property through the Non-judicial foreclosure pursued by Paul Financial LLC's purported "successors in interest."

41. Consequently, Plaintiffs respectfully request that the court find that, pursuant to the April 27, 2023, Judgment effectively cancels every other interest that derived their interest from the invalid 2005 Paul Financial, LLC Deed of Trust, and order that Defendants either deliver up or cancel their deeds and each and every other subsequent interest that derived improper rights from the 2005 Paul Financial, LLC, Deed Of Trust.

## FIRST CAUSE OF ACTION

### (Violation of Foreclosure Reductions Act of 2012)

**(Against Defendant Bank of America, N.A., and Does 1 through 50, inclusive)**

42. Plaintiffs hereby incorporate by this reference paragraphs 1 through 41 as though the same were set forth herein in full.

PLAINTIFF'S COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

43. At all relevant times, each and every Defendant was and acted as a mortgage servicer for the purposes of the Foreclosure Reduction Act of 2012, codified as Civil Code § 2920, et seq. (the "Act"), and was duly required to comply with its provisions.

44. Plaintiffs are informed and believe, and based on such information and belief, avers that on or about December 5, 2011, Martha Munoz ("Munoz"), who is a "robo signer" as well as an employee of Bank of America, N.A., signed an Assignment of Deed of Trust as Vice President of MERS. A true and correct copy of this Assignment of Deed of Trust is attached to this Complaint as Exhibit "G".

45. By signing and recording Exhibit G, Plaintiffs are informed and believe that Munoz attempted to transfer the alleged rights under the void DOT from Paul Financial L.L.C. to Bank of America, N.A.

46. Plaintiffs are informed and believe, and based on such information and belief, avers that on or about May 15, 2014, contract manager of OCWEN Loan Servicing, LLC ("OCWEN") Leticia N. Arias ("Arias"), another robo signer and "attorney in fact" for Bank of America, N.A., attempted to transfer the void DOT to Christiana Trust, by recording an Assignment of Deed of Trust with the Recorder. A true and correct copy of this Assignment of Deed of Trust is attached hereto as Exhibit "H".

47. By signing and recording Exhibit H, Defendants violated section 2924.17 of the Act, among others, by affirmatively failing to ensure that Exhibit H is accurate, supported by competent and reliable evidence, and that Defendants had a right to file Exhibit H.

48. Plaintiffs are informed and believe, and based on such information and belief, aver that on or about May 21, 2014, Vice President of Indecomm Global Services ("Indecomm") Pangmee Yang ("Yang"), one more robo signer and "attorney in fact" for Bank of America, N.A., yet again attempted to transfer the void DOT to Christiana Trust, by recording an Assignment of Deed of Trust with the Recorder. A true and correct copy of this Assignment of Deed of Trust is attached hereto as Exhibit "I".

49. By signing and recording Exhibit I, Defendants violated section 2924.17 of the Act, among others, by affirmatively failing to ensure that Exhibit I is accurate, supported by competent and reliable evidence, and that Defendants had a right to file Exhibit I.

50. From the date of their signing and recording to present, Defendants failed to correct or remedy the false, unreliable, and inaccurate information in Exhibits G through I.

51. Defendants' actions directly violated the requirements and mandates pursuant to the Act and was the proximate and legal cause of significant economic and non-economic damages to Plaintiffs.

52. Accordingly, Plaintiffs are entitled to injunction relief, monetary damages, and other remedies pursuant to Civil Code §§ 2924.12 and/or 2924.19.

53. The above-listed conduct of Defendants, and each of them, was performed with oppression, fraud, and malice, thus entitling Plaintiff to recover punitive damages.

## III.

## THIRD CAUSE OF ACTION

**(Quiet Title Under California Code of Civil Procedure § 760.020)**

**(As Against Defendant Emiliano Enriquez, Defendant Lourdes Enriquez, Defendant All Persons Unknown Claiming an Interest in the Real Property Known as 1710 Rios Court, Santa Maria, County of Santa Barbara and DOES 1 through 50)**

54. Plaintiffs hereby incorporate by this reference paragraphs 1 through 53 as though the same were set forth herein in full.

55. Plaintiffs seek to quiet title against the claims of Defendant Emiliano Enriquez, Lourdes Enriquez, and Defendant All Persons Unknown Claiming an Interest in the Real Property Known as 1710 Rios Court, Santa Maria, County of Santa Barbara and DOES 1 through 50. (Cal. Code of Civ. Proc. § 760.020.) Each and every of these Defendants and any successors or assignees have no right to title or interest in the Property and no right to entertain any rights of ownership, including rights of possession.

PLAINTIFF'S COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Defendants claim an adverse interest in real property owned by Plaintiffs Sandra Ogilvie and William Ogilvie, however, this claim is without right.  Defendants have no valid estate, title, or interest in the Property.

56. Plaintiffs seek to quiet title as of the date of the recording of the void DOT from Paul Financial, LLC, affirming Plaintiffs' rights to the Property in fee simple granted to Plaintiffs Sandra Ogilvie and William Ogilvie by Pamela Brown's purchase of the property, the Grant Deed to Pamela Brown from the Riveras, and the Grant Deed from Pamela Brown to Plaintiffs Sandra Ogilvie and William Ogilvie.

57. Plaintiffs respectfully request that the Court find and declare that the title to the Property is vested in Plaintiffs Sandra Ogilvie and William Ogilvie, alone, and that Defendants, and each of them be declared to have no interest, estate, stake, right, title or interest in the Property, and that Defendants, their agents and assigns, be forever enjoined from asserting any interest, estate, stake, right, title or interest in the Property.

IV

**FOURTH CAUSE OF ACTION**

**(Negligence)**

**(Against Defendant Bank of America, N.A. and DOES 1 Through 50)**

58. Plaintiffs hereby incorporate by this reference paragraphs 1 through 57 as though the same were set forth herein in full.

59. Defendant Bank of America, N.A. owed Plaintiffs a duty to properly investigate the Deed of Trust from Paul Financial, LLC before assigning any rights in that deed to other entities/parties.

60. Defendant Bank of America, N.A. breached this duty because they did not properly investigate whether Paul Financial, LLC's security interest was valid before assigning it to another party.

61. Plaintiffs have been harmed as a result of Defendant Bank of America N.A.'s breach of duty and Bank of America's failure to properly investigate the propriety

of its purported security interests related to the Property. These failures are the proximate and actual cause of Plaintiffs damages.

62. Plaintiffs have been damaged by Defendant Bank of America N.A. in an amount to be proven at trial but no less than $620,000.00.

## V.

## FIFTH CAUSE OF ACTION

**(Violation of California's Unfair Competition Law Under California Business & Professions Code § 17200)**

**(Against Defendant Bank of America, N.A. and DOES 1 through 50)**

63. Plaintiffs hereby incorporate by this reference paragraphs 1 through 62 as though the same were set forth herein in full.

64. Pursuant to Business and Professions Code § 17200, regarding unfair competition, states in pertinent part that, "... unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice ..."

65. Defendants' actions were unlawful and unfair in that they violated, among other things, but not limited to, Civil Code §§ 2924f, 2924.12, 2924.17, 2924.19.

66. Defendants also improperly disseminated a publication and statement concerning the Property that was untrue or misleading.

67. Plaintiffs believe, and thereon allege, that all Defendants received a benefit at Plaintiffs' expense, and Plaintiffs' suffered an injury and loss of the Property caused by Defendants' unfair competition and violation of Section 17200 through the above-listed actions.

68. As a proximate result of Defendants' unlawful and unfair business practices, pursuant to California Business and Professions Code § 17203, Plaintiff is entitled to injunctive relief and the restoration of her interest in the Property which was acquired by unfair competition.

## VI.

## SIXTH CAUSE OF ACTION

PLAINTIFF'S COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

**(Declaratory Relief Against Emiliano Enriquez, Lourdes Enriquez and DOES 1 through 50)**

69.  Plaintiffs hereby incorporate by this reference paragraphs 1 through 68 as though the same were set forth herein in full.

70.  Plaintiffs seek an order declaring that Plaintiffs Sandra and William Ogilvie are the rightful title holders to the Property as they are the successors in interest to Pamela Brown.

71.  Plaintiffs also seek an order declaring that the April 27, 2023, Judgment effectively cancels the invalid 2005 Deed of Trust recorded by Paul Financial, LLC and any and all claims of right or interest in the Property deriving their rights from that DOT.

72.  Plaintiffs Sandra Ogilvie and William Ogilvie seek an order that they are the sole owners in fee simple of the Property.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment as follows against all Defendants:

1.  For declaratory relief that Plaintiffs Sandra Ogilvie and William Ogilvie are the sole owners in fee simple of the Property;
2.  For an order cancelling any deeds held by Defendants to the Property;
3.  That the Court order judgment quieting title in Plaintiffs Sandra Ogilvie and William Ogilvie's favor, as owners of the Property in fee simple;
4.  That the Court order that Plaintiffs Sandra Ogilvie and William Ogilvie be given possession of the Property;
5.  For compensatory damages in an amount to be proven at trial;
6.  For general damages in an amount to be proven at trial;
7.  For special damages in an amount to be proven at trial, including, but not limited to, loss of monies due to loan interest change and loss of equity;
8.  For costs of proceedings and litigation;
9.  Pursuant to California Business & Professions Code § 17203, that all Defendants, their successors, agents, representatives, employees, and all

persons who act in concert with them be permanently enjoined from committing any acts of unfair competition in violation of §§ 17200 and 17500, including, but not limited to, the violations alleged herein.

10. Pursuant to California Business & Professions Code § 17500, $2,500.00 for each violation of Section 17500, where a civil penalty of $2,500.00 for each violation of Section 17200 and Section 17500, for a total penalty of $5,000.00 for each unlawful act, ensues.

11. For punitive damages in an amount to be proven at trial;

12. For attorneys' fees and costs pursuant to the Act;

13. For such other and further relief as the Court may deem proper.

Dated: July 28, 2023                                   STONE & SALLUS, LLP

                                          By:   /s/ Jason M. Stone
                                                JASON M. STONE
                                                SCOTT J. KALTER
                                                *Attorneys for Plaintiffs Sandra Ogilvie,*
                                                *William Ogilvie, and*
                                                *Estate of Pamela Brown, by and through*
                                                *Sandra Ogilvie*

## DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial for all issues so triable.

Dated: July 28, 2023                                   STONE & SALLUS, LLP

                                          By:   /s/ Jason M. Stone
                                                JASON M. STONE
                                                SCOTT J. KALTER
                                                *Attorneys for Plaintiffs Sandra Ogilvie and*
                                                *William Ogilvie*

PLAINTIFF'S COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF